Reg No. 33794007

Case: 1:17-cv-01689        (F-Deck)
Assigned To : Unassigned
Assign. Date : 8/10/2017
Description: Pro Se Gen. Civil

MacArthur Venable    * In the District Court
      plaintiff    *

V.       For the

       *

District of Columbia,      District of Columbia
United States Parole      *
Commission, Warden for the
District of Columbia Department *
of Corrections and the United
States Attorney General     *

      Respondents

\*   \*   \*   \*   \*   \*   \*   \*

## Petition For civil Action

Now comes, the plaintiff, MacArthur Venable, pro se, to respectfully ask this honorable court to hold a hearing for a civil action complaint. The plaintiff seeks monetary and punitive damages under the civil rights act, 42 U.S.C. § 1983. The plaintiff asserts that he is being unlawfully deprived Due process Rights. As a result of the defendants actions, the plaintiff is being denied his liberty which he is afforded protection by way of the United States Constitution. In support, the plaintiff make's the following allegations:

(1) On December 29, 2016, the plaintiff was arrested and charged by way of indictment and/or criminal information with criminal offenses that would later lead to a conviction and the plaintiff being sentenced to a term of incarceration.

② On January 3, 2017, the United States Parole Commission issued a warrant and lodged it as a detainer against the plaintiff for violation of the release conditions. (Supervised Release, case No. 2014 CF3 19765)(The honorable Judge Beck, presiding)

③ On April 25, 2017, the plaintiff was adjudicated for the aforementioned arrest for which the U.S. Parole Commission issued and lodged as a detainer the said warrant for violation of the plaintiff's release conditions. Wherein a plea proceeding was conducted and the plaintiff was subsequently sentenced to a term of 120 days to be served in confinement with credit for time served. (The honorable Maribeth Raffinan, presiding) (case No. 2016 CF2 02 1230) misdemeanor Possession of Controlled Substance (syn Canabinoid)

Prior to the plaintiff being sentenced in the above mentioned case, wherein a probable cause hearing was conducted by the U.S. Parole Commission. At the said hearing, on April 21, 2017, probable cause was found and the plaintiff was scheduled for a revocation hearing to be held locally. The aforementioned violator warrant was executed, on April 18, 2017.

④ On June 5, 2017, the plaintiff was found to be in violation of the supervised release thas imposed following his release from custody. (case No. 2014 CF3 19765) At that time an examiner for the U.S. Parole Commission, recommended that a 12 month term of incarceration be imposed. Following the plaintiff's revocation hearing a final decision as to the disposition of the violation was to be no later then 21 days after the said hearing. (Notice of Action)

2

Reg# 33794-

<u>Supporting facts</u>

According to the U.S. Parole Commission Rules and procedures manual it states the following:

§ 2.218 (g) Decisions under this section shall be made upon the vote of one commissioner, except that a decision to overide an examiner panel recommendation shall require the concurrence of two commissioners. The final decision following a local revocation hearing shall be issued within <u>86 days</u> of retaking the releasee on a supervised release violation warrant. The final decision following an institutional revocation hearing shall be issued within <u>21 days</u> of the hearing excluding weekends and Holidays.

The Commission must present its final decision in writing. This is usually done by the issuance of a <u>Notice of Action</u>. The Commission has <u>21 days</u> from the date of the final hearing to make its final revocation decision. 28 C.F.R § 2.105. In addition, the Commission retains the ability to certify any case for a local hearing. 28 C.F.R § 2.102

Execution of the warrant obligates the Commission to begin the process of notice and hearing for parole revocation. 28 C.F.R. § 2.99 (b)

Since parole is a constitutionally protected liberty interests, due process requires that a state provide basic rights of fair treatment when it seeks to revoke parole, with this liberty protection, waivers of the rights delineated in Morrissey must meet the test for waiver of constitutional rights. They must

3

Reg#23794

be Knowing, intelligent, and voluntary. see White V. White, 925 F.2d 287, 292 (9th Cir. 1991)

The plaintiff affirms that no such waiver of his constitutional rights were made.

The U.S. Parole Commission has promulgated regulations to govern, respectively, parole grant and revocation of D.C. code offenders, since August 5, 2000 the Commission has assumed authority to issue warrants for parole violations, conduct revocation hearings and modify coditions of parole for D.C. code offenders. The Revitalization Act gives the U.S. Parole Commission rule-making powers for parole matters, but it mandates that those powers be exercised within the precepts of D.C. parole law and regulations, which remain intact. "The parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia." D.C. Code § 24-131 (c) (emphasis added)

The District of Columbia Circuit has recognized that the parole authority's decision of whether or not to revoke or grant parole is "almost unreviewable". Shelton V. USPC, 388 2d. 567, 576 (D.C. Cir 1967)(citing Hyser V. Reed, 318 F.2d at 24, but adding the emphasis) Parole Commission's decision to grant or Revoke parole will be reversed only if they are arbitrary, capricious or constitute an abuse of discretion. However, questions of whether the commission's action lies within the permissible scope of its authority is a question of law to be reviewed de novo. Turner V. USPC, 934 F.2d 254 (10th Cir 1991)

4

Long V. Gaines, 173 F. Supp. 2d 35 (D.D.C. 2001) the Court held that the regulations, practices and procedures with regard to revocation hearings violated the parolee or Super-vised Releasee's 5th amendment rights. As a result, the court entered a permanent injunction against the U.S. Parole Commission. The U.S. Parole Commission shall fully comply with the following: ① Parolees and supervised releasees arrested for alleged violations will receive a probable cause hearing within five days of arrest; ② Full revocation hearings will occur between 50-65 days from arrest; ③ Prior to the revocation hearing, the parolee or supervised Relea-see will receive all the evidence used in determining whether a violation has occurred and parole should be revoked, and ④ A final determination and notice of action will be issued to the parolee or supervised releasee no later than 86 days after arrest.

In light of the policies underlying the right to a speedy trial, dismissal must remain, as noted in Barker V. Wingo, 407 U.S. 514, 522 33 L Ed 2d 101, 92 S. Ct. 2182, "the only possible remedy" for deprivation of this Constitutional Right.

The plaintiff asserts that he retains his sixth amendment right to a speedy trial, in that the disposition of his revocation hearing is still yet undetermined. At the plaintiff's revocation hearing on June 5, 2017, the designated examiner conducting the hearing with the authority of the U.S. Parole Commission, made only a recommendation as to what may occur as a result of the plaintiff being found in violation of his supervised release. Therefore the final disposition of the Revocation hearing is still

5

Reg# 33794-007

unknown, due to the Commission's violation of its own rules and procedures.

The courts have repeatedly intervened in cases where there is a delay in holding the revocation hearing. Johnson V. Holley, 528 F.2d 116 (7th Cir 1975); Creech V. U.S. Board of Parole, 538 F.2d 205 (8th Cir 1976) This is particularly true when the delay is prejudicial.

The plaintiff hereby, claims that the final disposition of the revocation hearing, which would be made by way of the U.S. Parole Commission's issuance of a Notice of Action is just as much a component of the revocation hearing as the hearing itself, and if the revocation is not had or the revocation process is not completed within a reasonable time, then the plaintiff's Due process Rights were violated.

The fundamental requirement of due process is "The opportunity to be heard ... It is an opportunity which must be granted at a meaningful time and in a meaningful manner."

The Supreme Court has recognized in Smith V. Hooey 25, that the anxiety and depression resulting from a detainer based on pending criminal indictments may have a severely corrossive effect on rehabilitation. The plaintiff has no reason to believe that the effects are any the less significant when a U.S. Parole Commissioner makes a recomendation to revoke supervised release and impose a term of incarceration for a new criminal conduct conviction and that recomemdation not be

6

the plaintiff's final decision. When there is no final decision as to the disposition of a revocation hearing violators have no way of beginning the rehabilitative process that will prepare them for Re entry into society, once their ~~their~~ incarceration has been completed. The plaintiff's intervening sentence was completed on April 25, 2017. As of July 24, 2017 the plaintiff has not received his final revocation decision from the U.S. Parole Commission. Therefore the plaintiff is being unlawfully detained, thus no further term of incarceration can be exacted upon the plaintiff. The U.S. Parole Commission has lost Jurisdiction Authority, due to its violation of the rules, laws and treaties of the United States. The plaintiff asserts that he is protected by the immunit~~req~~ies guarantee by way of statutory laws, the United States, Codes of the U.S. Parole Commission and the Constitution. Therefore the plaintiff is immune from any final revocation decision and or sanction beyond the 86 day mandate.

The plaintiff asserts that he is a U.S. citizen and that any party who deprives any citizen within the jurisdiction of the United States of any right, priviledge and or immunity under any color of state are liable to the party injured. In this instant case, the plaintiff has been injured. see Sellmon v. Rielly

Wherefore, all premesis considered, the plaintiff prays:

① That this honorable court hold a hearing on this petition for civil action pursuant to 42 U.S.C. § 1983

② That this honorable court award the plaintiff monetary and punitive damages in the amount of $465,000.00 which is $5,000.00 per day, times the 93 days that the plaintiff has been held illegally. (intervening sentence completed on April 25, 2017)

7

Reg# 337 94005

③ That this honorable court allow this plaintiff to freely amend this prose petition for civil action, pursuant to § 1983.

④ That this honorable court grant any and all other relief that they may deem appropriate.

Respectfully submitted,

Mac Arthur Venable

1901 D. St

S.E Washington, D.C. 20003

DCDC# 296 - 226

Affidavit

I solemnly affirm under penalties of perjury that the contents of this petition are true to the best of my knowledge, information and belief.

MacArthur Venable

1901 D. St

S.E. Washington, D.C. 20003

DcDc# 296 - 226

Certificat of Service

I hereby certify that a copy of the foregoing motion for civil action, pursuant to 42 U.S.C. §1983 was mailed postage prepaid to the United States Attorneys office, 555 4th Street, N.W. Washington, D.C. 20530.

MacArthur Venable

DcDc# 296 - 226